May it please the court, Ina Lipkin on behalf of the petitioner. The petitioner argued that the immigration judge and later the board erroneously denied asylum relief finding without basis that he could safely relocate within India. The petitioner argued in his brief before the court that the IJ did not have the benefit of Singh v. Whitaker in a 2019 case with somewhat similar facts in that in that case there was a petitioner who was a Maan Party supporter and argued he could not safely relocate within India due to the separatist political opinion the Indian authorities would put on him if he did so. Similarly here the petitioner has the same claim the IJ found him to be credible and the board did not disturb that finding. His credible testimony established that due to landlord-tenant verification laws in India he would not be able to freely participate in a democratic political process advocating for the Maan Party if he tried to relocate. He also argued that the IJ's speculation that his very minimum English language fluency would avail him of the possibility to safely relocate and that's just not supported in the record. Additionally petitioner argues that his brief time living in hiding in the state of Haryana did not support the IJ's finding that he could safely relocate and the time he lived in Chandigarh he was not politically active. He expressed a continued interest to be politically active and established that he was still here in the United States over a period of years since he arrived and before the hearing. Counsel I you may know I'm very familiar with Singh vs. Whitaker and I have to agree with you that this case is very much like that. The government is going to argue that even though the IJ did not have the benefit of the Singh vs. Whitaker case that they made he made an appropriate analysis. What's your best response to that? The analysis was not appropriate because the IJ did not consider that the did not give a proper weight to the fact that the government made absolutely no effort to rebut the presumption of a well-founded fear. The IJ did find that petitioner established past persecution on account of a protected ground. The burden shifted to the government and the only evidence the government had were extremely outdated country condition reports. So the fact that the government had the burden to rebut and fail to do so undercuts the IJ's finding. As I read your papers what party is the party that the briefs show he was receiving inappropriate treatment? The Congress Party which continues the court could take administrative notice. Currently the Congress Party has power in the Punjab. Yes, I don't want to go outside the record that the Congress Party is almost non-existent in India today. Do we need to send that back to provide the obvious? There's very little power left in the Congress Party under the current situation in India as I read the newspapers and I follow India fairly carefully because of a variety of reasons. Do we need to send this back now to see because of the diminished capacity of the Congress Party to do anything that that is important in the overall determination? That could be something that would be helpful but I would point to the court the fact that the harm petitioner suffered was not restricted to the Congress Party. He was indeed twice arrested by the Indian police who accused him of anti-nationalism and pro-Khalistani views. So I'm not sure that that would make a great difference given that it was the state that persecuted him as well. But that it was the Congress Party that he indicates is the enemy. If the enemy is gone it seems to me that that would be significant if you don't believe that. He was able to, or at least there's findings that he was able to relocate safely within his home country. So wouldn't he reasonably be expected to do it again? There's an actual finding. Understood. The issue here I think that's seminal is could he relocate elsewhere and participate in politics for the Mahan Party safely? And he contends he could not. So when he lived in Chandigarh, which is I think he said 150 kilometers from his home, he did not participate. He was a student. But if he were to participate he argues that he would again become the subject of animosity by both the Congress Party and the police who would attempt to stifle his political activism as both entities. Do not favor or support the platforms of the Mahan Party. And one of the main platforms is a separate Sikh state to be called Khalistan and the police view that to be anti-national. Again, when he lived in Haryana, that was in a state of hiding. Okay. He did, however, return to his hometown voluntarily and was able to live there. If there is evidence on both sides, somebody has to determine what is the factual outcome. Is it your feeling that based upon this record it shows that your client should succeed or do we have to send it back because there's new facts that have taken part due to the changes in India? Certainly, if the court feels that there is insufficient evidence regarding the Congress Party and that the case would benefit from that evidence, the respondent would not be opposed to remand. We don't remand on the basis of whether it benefits your client. We remand on the basis that there's an empty record. I fully understand, Your Honor. I simply state that he agrees that that would be beneficial because he believes there is evidence to show a continuing threat from the Congress Party. But at the same time, he argues that the record is sufficient on itself to show that the harm he suffered at the hands of the Indian police, which the government failed to rebut, would cause him harm in the future. Excuse me, you said that the record shows that there is still a threat due to the... Right, as I stated earlier... The record was developed before the Congress Party lost its power. But the Congress Party continues to hold a majority of seats in Punjabi legislation. Is that in the record? I take it that's not in the record. No, that's not in the record. Do you want to say anything about the rebuttal? Yes, thank you. Then my colleagues can ask whatever questions they want for as long as they want. Okay, Mr. Samarelli, for the government, please. Yes, good morning. I apologize. Oh, it's fine. I know now the error of my ways. I apologize. It's perfectly all right. May I please the court? This is Dana Camilleri for the Attorney General. In this case, the agency properly determined that the record evidence rebutted the presumption that Sudhu had a well-founded fear of future harm in India. Sudhu's own testimony and other evidence concerning his relocation efforts demonstrated that not only could he relocate to avoid harm, but also that it would be reasonable for him to do so. Sudhu relocated within India for approximately 26 months and did not encounter any difficulties. He also testified that he attended five to six political rallies when he was in Chandigarh, so it is not accurate to say that he was not politically active during that time. Moreover, the ease with which he relocated both internally in India and abroad in Singapore demonstrated that he had the resources and skills to relocate and obtain employment. Because the relocation finding applies in the asylum, withholding, and CAT context, the petition for review should be denied. What's the government's position about whether the IJ complied with the requirements of Singh v. Whitaker regarding the relocation analysis? We actually think that this case is distinguishable from Singh. In that case, the immigration judge focused, if I'm understanding it correctly, and I understand that Your Honor wrote that decision. But that they were talking solely about generalized country conditions and did not engage in an individualized analysis. Here, the analysis is completely tailored to Sudhu and his experiences because it's based on his own testimony concerning the narrative of everything that happened to him in India. I'm not sure how much more individualized it would get. Two aspects of that. As you know, in Singh v. Whitaker, based on the regulation, we concluded that once past persecution had been shown, that there was a presumption of a nationwide persecution possibility. And that relocation is not reasonable if the government does not bear the burden of showing that that would not likely happen. Plus, you also have the issue of whether the IJ addressed Singh's intent to continue working for the Man Party if he returned to India. Now, I didn't find that either of those things were done on this record. What am I missing? Well, Your Honor, our position is that it's not necessarily that DHS submits a bunch of evidence to rebut it. It's that DHS took the evidence. You know, evidence is evidence. And DHS argued quite clearly before the immigration judge that the evidence presented was sufficient to rebut the presumption. And that's what the agency found here. So it's your view that the IJ knew there was a presumption of nationwide threat of persecution based upon what was not before him at that time, which was Singh v. Whitaker, and that the IJ specifically entertained evidence that rebutted that presumption. Is that correct? Yes, and I think the board reiterated that and just discussed that he was able to continue being politically active in Chandigarh. And what testimony do you feel like you brought about that they specifically addressed his intent to continue working for the Man Party? What testimony or what we're going to say? Where in the record does it say that the BIA or the IJ specifically addressed his intent to continue working for the Man Party if he returned to India? I'm just looking at the record right now. Okay, thank you. In AR-5-6 in the board decision, it says the respondent did not testify that while living in Chandigarh, he attempted or was prohibited from participating in the types of political activities that he was involved in his hometown of Jaika. If I'm reading this correctly, and I believe that's an acknowledgement that he was politically active. The only reason he said he wasn't more politically active was that there were not elections during the period of time that he was in Chandigarh, not because he felt unsafe. And he does say that on AR-322-24. Oh, you said AR-320-24? 322-24 is when he discusses his time in Chandigarh and whether he felt safe to be politically active. And he said the only reason he didn't attend, he attended five to six rallies, and he didn't attend more because there were no elections during that time. And where did the BIA or the IJ specifically find that it was aware that he intended to continue working for the Man Party if he returned to India and that they found that that would not bring about persecution? I would argue that it's implicit in the decision, particularly with the statement acknowledging that he was politically active in Chandigarh. I think that's the crux of the Chandigarh finding, really, because they acknowledge that in Haryana he was in hiding and not politically active, but the focus is on the 25 or 26 months in Chandigarh and his political activities there without harm. But the presumption, the nationwide presumption of future persecution and his intent to work for the Man Party are satisfied. Basically, you have to kind of impute that in the testimony you referred to. Is that correct? Yes. That the government can satisfy the presumption in that way? Yes, because in our perspective, he did successfully relocate without harm and continued political activities, and that that rebuts the presumption. That's correct. Are there any other questions for me? Questions by my colleagues? None. Ms. Kamilari? Thank you. Hearing none, then, Ms. Lipkin, you've got the last word here. Thank you, Your Honor. I would point out to the record that the petitioner was found to have testified credibly, and his credible testimony indicated that during the period of time he resided in Chandigarh, yes, he attended a few rallies, but he did not work for the party. And that's the seminal difference between whether he could relocate or not. He did not work for the party. He did not advocate for them. He did not campaign during elections like he had done in his hometown and thereafter suffered harm. So, therefore, his period of residence in Chandigarh was not similar to the other times. From your perspective, then, the BIA and the IG did not satisfy, they did not overcome the presumption referred to in Singh v. Whitaker. Correct, and we argued that in the brief. Right. We've got about 33 seconds left here. Any other questions by my colleagues? None here. All right, we thank both counsel for your argument. The case disargued is submitted. Thank you. Thank you. Thank you.
judges: Wallace, M. Smith, Lasnik